**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond J Scott,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-20-02343-PHX-DWL<br><br>**ORDER** |

On December 2, 2020, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (Doc. 1.) On September 7, 2021, Magistrate Judge Metcalf issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 12.) Afterward, Petitioner filed objections to the R&R (Doc. 22) and Respondents filed a response (Doc. 23). For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, and terminates this action.

I.     Background

*The Crime*. On December 25, 2013, "[w]hile his ex-wife and three children were visiting him . . . , Petitioner forced his ex-wife into the bedroom, and at gun point and later knife point, attempted to rape [her]. At one point the victim escaped the bedroom, intending to leave with the child still in the apartment, but Petitioner drug her back in and threatened to kill everyone if she did not cooperate. At one point in the struggle, one of the children came into the room, and the ex-wife threw her phone to her and sent her to get help. She did so, taking one of the other children with her." (Doc. 12 at 1.)

*Trial Court Proceedings*. On December 26, 2013, following his arrest, Petitioner made an initial appearance in Maricopa County Superior Court. (*Id.* at 2.)

On January 2, 2014, Petitioner was indicted on charges of aggravated assault, sexual assault, attempted sexual assault, kidnapping, public sexual indecency to a minor, and threatening and intimidating. (*Id.*)

During trial, the prosecution introduced evidence that Petitioner had sexually assaulted a former girlfriend in 1999. (*Id.*)[1] Additionally, the prosecution amended Count 13 of the indictment (attempted sexual assault) to refer to "penile anal intercourse" rather than "penile vaginal intercourse." (*Id.*)

The jury ultimately convicted Petitioner of three counts of aggravated assault, one count of attempted sexual assault, two counts of kidnapping, one count of public sexual indecency to a minor, and one count of threatening and intimidating. (*Id.*) Petitioner was acquitted of the remaining charges, including the charge in Count 13. (*Id.*) Petitioner was sentenced to 25 years in prison. (*Id.*)

*Direct Appeal*. During his direct appeal, Petitioner was represented by counsel. (*Id.*) Petitioner's counsel "filed an opening brief arguing [1] the two kidnapping convictions violated double jeopardy, and [2] admission of the prior sexual assault was error. Beyond a parenthetical notation to a state case citation, Petitioner cited no federal authority." (*Id.*) Afterward, Petitioner attempted to file his own "Supplemental Opening Brief," in which he sought to raise additional claims of "error in amendment of the Indictment, introduction of the prior sexual misconduct, and jury determination of aggravation of sentence when not charged in the indictment." (*Id.*) However, "[t]he Arizona Court of Appeals struck the brief as improperly filed given Petitioner's

---

[1] *See also State v. Scott*, 403 P.3d 595, 597 (Ariz. Ct. App. 2017) ("In 1999, Scott sexually assaulted C.T., a former girlfriend with whom he was living in Pennsylvania. Shortly after C.T. had ended their romantic relationship, Scott forced C.T. into her bedroom in their shared apartment, restrained her with duct tape, and sexually assaulted her. Scott then immediately released C.T., gave her his gun, and threatened to stab her with a scalpel if she did not kill him. After C.T. refused to shoot him, Scott allowed her to get dressed and leave, but threatened to kill himself if she spoke to the police. C.T. left and called the police, who arrested Scott. Scott was found guilty of aggravated indecent assault and sentenced to prison.").

representation, lack of right to a meaningful relationship with counsel, and counsel's lack of obligation to raise every claim requested." (*Id.* at 2-3.)

In a published decision issued on September 12, 2017, the Arizona Court of Appeals affirmed Petitioner's convictions and sentence. *State v. Scott*, 403 P.3d 595 (Ariz. Ct. App. 2017). As for Petitioner's first assignment of error (double jeopardy), the court held as follows:

> [W]hether [Petitioner] was properly convicted of two counts of kidnapping turns entirely on whether he restrained [the victim] continuously throughout the entire ordeal, or released her and restrained her anew. . . . Here, [the victim] briefly escaped [Petitioner] midway through the ordeal, when she ran from the bedroom to the living room . . . . [The victim] was momentarily free, but chose not to run directly out of the residence, instead pausing to grab her daughter. [The victim's] choice of action and freedom of movement during that period showed [Petitioner] did not continue to restrain her, albeit briefly, after he initially forced her into his bedroom. [Petitioner] then committed a second act of kidnapping, separate from the first, when he grabbed [the victim] anew and pulled her back into the bedroom for the purpose of sexual assault. For these reasons, [Petitioner's] convictions for two counts of kidnapping were not multiplicitous.

*Id.* at 598-99 (citations omitted). As for Petitioner's second assignment of error (admission of the prior conviction), the court held that it was properly admitted under Rule 404(b) of the Arizona Rules of Evidence because, "[b]y raising the defenses of consent and no specific intent, [Petitioner] brought into contention his own intent. [Petitioner's] prior sexual assault, strikingly similar in character to the current crime, was relevant to prove his intent and lack of mistake as to [the victim's] purported consent. In each crime, [Petitioner] assaulted a previous partner, restrained her in a bedroom, menaced her with a weapon, and threatened to kill himself if she called the police. Evidence of the previous similar crime was not a mere inflammatory accusation against [Petitioner]; it was evidence that tended to prove he was not acting under a mistaken understanding that [the victim] consented to his acts." *Id.* at 599-600.

Petitioner did not seek review by the Arizona Supreme Court. (Doc. 12 at 3.)

*PCR Proceedings*. On October 26, 2017, Petitioner initiated his post-conviction

relief ("PCR") proceeding by filing a timely PCR notice. (*Id.* at 3.) However, Petitioner's court-appointed counsel subsequently filed a notice asserting an inability to find a "colorable" issue for review. (*Id.*)

Afterward, "Petitioner filed his pro per PCR Petition, arguing: (1) constitutional error in the amendment of the indictment and ineffective assistance of trial counsel in objecting; (2) ineffective assistance of appellate counsel in failing to raise the challenge to the amendment; (3) a denial of due process from the prosecution admitting improper or inaccurate evidence; and (4) various constitutional errors in the supervening indictment proceedings. (*Id.*, citations omitted.)

The PCR court denied relief without holding an evidentiary hearing. (*Id.* at 3-4.) As for Petitioner's first, third, and fourth claims, the court concluded they were precluded under Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure because Petitioner could have raised them (but failed to raise them) during his direct appeal. (*Id.*) As for the second claim (ineffective assistance of counsel ("IAC")), the court rejected it on the merits "for failing to show deficient performance or prejudice." (*Id.*)

Petitioner sought further review in the Arizona Court of Appeals and Arizona Supreme Court, but both courts rejected Petitioner's requests for relief. (*Id.* at 4.)

*The Petition*. As noted, Petitioner filed the Petition in December 2020. (Doc. 1.) The Court previously construed it as raising six grounds for relief:

> In Ground One, Petitioner appears to claim that his rights to due process and confrontation were violated when the state was permitted to amend his indictment after the close of evidence. In Ground Two, he claims that he received ineffective assistance of counsel when his appellate attorney failed to raise on appeal the issue identified in Ground One. In Ground Three, Petitioner claims that the state "knowing[ly]" relied on "improper or inaccurate" information to obtain his conviction, in violation of due process. In Ground Four, Petitioner appears to contend that the trial court's probable cause determination violated his rights to due process and to confront witnesses against him. In Ground Five, Petitioner claims that his kidnapping convictions and sentences violate the Fifth Amendment prohibition on double jeopardy and constitute multiple punishments for a single offense. In Ground Six, Petitioner alleges the trial court improperly admitted evidence of a prior sexual assault.

- 4 -

(Doc. 6 at 2.)

*The R&R*. The detailed, 33-page R&R concludes the Petition should be denied and dismissed with prejudice. (Doc. 12.) First, the R&R concludes that five of the six claims—all but the IAC claim in Ground Two—are procedurally defaulted or procedurally barred on independent and adequate state grounds. (*Id.* at 11-18.) Second, the R&R concludes that Petitioner cannot establish "cause and prejudice" to overcome these procedural bars to Grounds 1 and 2-6. (*Id.* at 18-23.) Third, the R&R concludes that Petitioner cannot invoke the "actual innocence" exception to the applicable exhaustion requirements because he "fails to offer anything to show new reliable evidence that would preclude any reasonable juror from convicting him." (*Id.* at 23-24.) Fourth, the R&R concludes that, putting aside the issue of exhaustion, Petitioner would not be entitled to habeas relief because his claims fail on the merits. (*Id.* at 24-31.) Finally, the R&R concludes that a certificate of appealability ("COA") should be denied. (*Id.* at 32.)

II.   Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[2]

III.     Analysis

Petitioner's objections to the R&R lack merit. As Respondents correctly note in their response, "Petitioner's objections largely amount to his repeating the same arguments he raised in his habeas petition and reply." (Doc. 23 at 1.) Indeed, the discussion in the lengthy "Introduction" portion of Petitioner's filing (Doc. 22 at 3-7) does not seem to be tethered to the R&R at all. This approach is impermissible—at this stage of the proceedings, Petitioner must identify specific flaws in the R&R's reasoning, not simply repeat his earlier arguments. For similar reasons, Petitioner's attempt to raise a blanket objection "to all of the recommendations" in the R&R (*id.* at 2) fails because it is insufficiently specific.

To the extent Petitioner seeks to raise more specific objections in the latter portion of his filing, those objections are unavailing. For example, in the assignments of error denoted as No. 3 ("The State Knowingly Relied on Improper or Inaccurate Information to Obtain [Petitioner's] Conviction"), No. 5 ("Petitioner's Protection from Multiple Punishments under the Double Jeopardy Were Violated Because There Was Only One, Continuing Kidnapping, But He Was Convicted of Two Seperate [sic] Charges of Kidnapping"), and No. 6 ("The Trial Court Improperly Admitted Evidence of a Prior Sexual Assault or Other Bad Acts Under Arizona Rules of Evidence 403 and 404"),

---

[2] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 457 (2021) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

- 6 -

Plaintiff does not develop any reasoned argument at all—he merely "objects" to the R&R's analysis for unspecified reasons. (Doc. 22 at 15-16.)

Finally, although Petitioner's arguments concerning the assignments of error denoted (implicitly or explicitly) as No. 1 ("The Unlawful Amendments to Indictment"), No. 2 ("Appellate Counsel Was Ineffective and its Errors or Omissions Was So Egregious As to Amount to Incopetence [sic] or Sixth Amendment Violation"), and No. 4 ("Petitioner's Due Process and Confrontation Rights Were Violated When the Preliminary Hearing Was Set At His Initial Appearance Was Vacated When The Supervening Indictment Was Filed") are more detailed, he has failed to establish any error in the R&R's conclusion that habeas relief is unwarranted. For example, as to assignment of error No. 1, Petitioner's arguments seemed to be premised on the notion that the amendment to the indictment was not limited to Count 13 (as the R&R found) and instead pertained to other counts, too. (Doc. 22 at 10-11.) But as Respondents correctly note, "Petitioner . . . does not specify which additional counts of the indictment were allegedly amended in his objections. And the only portions of the record he cites to come from his PCR petitions. The record, however, only shows that Count 13 of the indictment was amended. Furthermore, as observed in the R&R, Petitioner was acquitted of Count 13." (Doc. 23 at 3.) Additionally, Petitioner's apparent objection to the R&R's finding of procedural default as to the unlawful-amendment claim seems to be premised on the belief that, because he "properly raised [this claim] in a PCR proceeding," it is also properly preserved for habeas review. (Doc. 22 at 9-10.) This ignores the R&R's conclusion that, "[t]o the extent Petitioner did fairly present [this claim] in his PCR proceedings," it was "procedurally barred on the basis of Arizona's waiver bar" because Petitioner failed to raise it during his direct appeal. (Doc. 12 at 11.)

Next, as for assignment of error No. 2, Respondents correctly note that "Petitioner does not actually contest the R&R's conclusion that it was without merit" and limits his objections to the issue of procedural default. (Doc. 23 at 3.)

Finally, as for assignment of error No. 4, Respondents correctly note that

Petitioner's objections lack merit because he "does not address the R&R's conclusion that the claim is procedurally defaulted" and because "to the extent Petitioner is relying on an alleged violation of State law, it does not entitle him to habeas relief." (*Id.* at 4.)

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 22) are **overruled**.

(2) The R&R (Doc. 12) is **accepted**.

(3) The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 9th day of December, 2021.

Dominic W. Lanza
United States District Judge